Levi Gray
Pro Se

FILED 20 JUN '24 12:22 USDC-ORP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

J.B.,

    Plaintiff,

v.

LEVI GRAY, JAYSON LEAK, PAUL KIZER, JOHN WALLACE, JAMIE DENNISON, FELIPE URZUA-PEREZ, STEPHEN MARTIN, THOMAS JOST, ROBERT YONALLY, LISA ARRINGTON, CHAD NAUGLE, NICOLE BROWN, MIKE REESE, and JOHN DOE,

    Defendants.

NO. 3:23-cv-01962

DEFENDANT GRAY'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THE CRIMINAL CASE ; EXHIBITS 1-2.

The defendant Levi Gray moves the court to stay discovery in this case pending resolution of the criminal case against him in Washington County, *State v. Grey*, 23CR39700.

This motion is based on the records of the case, the attached memorandum, and such evidence and argument as may be adduced a hearing on the motion

# MEMORANDUM IN SUPPORT OF MOTION

**Background:**

On August 17, 2023, the defendant was indicted in Washington County for, among other things, Custodial Sexual Misconduct in the First Degree in violation of ORS 163.452. The state alleges in essence that the defendant had sexual contact with female inmate J.B. Trial is currently set in that case for Augst 13, 2024.

On January 26, 2024, plaintiff in this case filed a civil suit against Mr. Grey and others alleging, among other things, the same conduct as set forth in the criminal indictment.

On June 13, 2024, plaintiff served on defendant Gray a request for production of documents (Exhibit 1) as well as an Interrogatory seeking his responses under oath to various questions (Exhibit 2). Compliance with these requests would provide a link in a chain of evidence that could be used against Gray in the pending criminal case; in short, compliance would violate Mr. Gray's Fifth Amendment right not to incriminate himself. The court should not allow the civil plaintiff to whipsaw Mr. Gray in this manner. Given that the criminal trial will take place in a short time, the court should exercise its discretion to stay discovery as to him until resolution of the criminal case. Refusal to do so here would be an abuse of discretion and a violation of due process of law.

# Argument

## A. The court has authority to stay discovery in the civil case.

In the absence of prejudice to the rights of the parties involved, the law does not in general require a stay of civil proceedings pending the outcome of criminal proceedings. *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir.1995). However, "it is well established that district courts have discretionary authority to stay a case when the interests of justice so require." *Crawford & Sons, Ltd. v. Besser,* 298 F.Supp.2d 317, 319 (E.D.N.Y.,2004). Accordingly, courts have granted stays of civil proceedings pending the resolution of related criminal investigations. *See United States v. Kordel,* 397 U.S. 1, 12 n. 27 (1970) ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution... sometimes at the request of the defense..."); *Kashi v. Gratsos,* 790 F.2d 1050, 1057 (2nd Cir. 1986) (where defendant was a target of a grand jury investigation, "[t]he district court exercised sound discretion in staying the trial until the U.S. Attorney declined to prosecute"); *S.E.C. v. Nicholas,* 569 F.Supp.2d 1065 (C.D.Cal.,2008) (stay of civil action by SEC in favor of parallel criminal actions was warranted as in part because the criminal case was of primary importance, the discovery in civil action would cause delay in the criminal action, the specter of the party likely to invoke

their Fifth Amendment would render civil discovery largely one-sided, and civil and criminal cases were intertwined); *Crawford, supra,* 298 F.Supp.2d at 319 (Interests of justice would require district court to stay civil action pending resolution of parallel criminal action, where civil and criminal cases arose from same underlying events, defendants had been indicted in criminal case, and denying stay may undermine defendants' Fifth Amendment privilege against self-incrimination and expose basis of defendants' criminal defense in advance of trial).

In sum, because the defendant has been indicted and is facing trial in two months, the court has ample authority to stay discovery in this case.

### B. THE RELEVANT FACTORS MILITATE IN FAVOR OF A STAY.

The decision whether to stay civil proceedings while a parallel criminal case is pending "is left to the sound discretion of the district court." *IBM Corp. v. Brown,* 857 F. Supp. 1384, 1387 (C.D.Cal.1994) (citing *S.E.C. v. Dresser Industries,* 628 F.2d 1368, 1375 (D.C.Cir.1980). The court's determination turns upon the "'particular circumstances and competing interests involved in the case.' *Keating,* 45 F.3d at 324 (quoting *Federal Sav. & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir.1989)). Specifically, the court should consider the following factors: 1) the interest of the plaintiff in proceeding expeditiously with this litigation and the potential prejudice to the plaintiff caused by a delay; 2) the burden which any particular aspect of the

proceedings may impose on the defendant; 3) the convenience of the court in the management of its cases and the efficient use of judicial resources; 4) the interests of persons or entities not parties to the civil litigation; and 5) the interest of the public in the pending civil and criminal litigation. *F.T.C. v. J.K. Publications, Inc.*, 99 F.Supp.2d 1176, 1197 (C.D. Cal., 2000).

These factors militate in favor of a stay. The plaintiffs are not prejudiced because the criminal action will be over in a matter of months; and discovery can proceed against Gray at that time. Moreover, plaintiff can proceed with discovery against the other defendants. On the other hand the prejudice to the defendant Gray is manifest because denying him a stay will undermine his Fifth Amendment privilege against self-incrimination and will expose the basis of his criminal defense in advance of trial. *See e.g., Crawford, supra*, 298 F.Supp.2d at 319.

## CONCLUSION

For the reasons set forth above and in the filings, prior proceedings and pleadings in this matter, the Court should stay in the instant proceeding pending the completion of the criminal case.

Dated: June 17, 2024        /s/ *Levi Gray*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was this date served upon the following via email.

/s/ Levi Gray

All Other Defendants:
    NATHAN RIEMERSMA #164699
    MATTHEW A. MAILE #181761
    Nathan.K.Riemersma@doj.state.or.us
    matthew.maile@doj.state.or.us

Lynn S. Walsh, OSB #924955
email: lynn@lynnwalshlaw.com
610 SW Alder St., #415
Portland, Oregon 97205
Telephone: 503-790-2772

Meghan Apshaga, OSB # 232137
Email: mapshaga@droregon.org
David Boyer, OSB # 235450
Email: dboyer@droregon.org
Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
Telephone: 503-243-2081

    Attorneys for Plaintiff

Page 6    Defendant Gray's motion to stay discovery pending resolution of the criminal case.

EXHIBIT 1

Lynn S. Walsh, OSB #924955
email: lynn@lynnwalshlaw.com
610 SW Alder St., #415
Portland, Oregon 97205
Telephone: 503-790-2772

Meghan Apshaga, OSB # 232137
Email: mapshaga@droregon.org
David Boyer, OSB # 235450
Email: dboyer@droregon.org
Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
Telephone: 503-243-2081

    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| J.B.,<br><br>    Plaintiff,<br><br>v.<br><br>LEVI GRAY, JAYSON LEAK, PAUL KIZER, JOHN WALLACE, JAMIE DENNISON, FELIPE URZUA-PEREZ, STEPHEN MARTIN, THOMAS JOST, ROBERT YONALLY, LISA ARRINGTON, CHAD NAUGLE, NICOLE BROWN, MIKE REESE, and JOHN DOE,<br><br>    Defendants. | NO. 3:23-cv-01962<br><br>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LEVI GRAY |

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT LEVI GRAY

Pursuant to Fed. R. Civ. P. 34, Plaintiff hereby submits the following Request for

Page 1    PLAINTIFF'S FIRST REQUEST FOR
              PRODUCTION OF DOCUMENTS TO
              DEFENDANT LEVI GRAY



Production of Documents to Defendant, Levi Gray. Plaintiff requests that Defendant serve its answers, in writing and under oath, to the undersigned counsel for Plaintiff at Disability Rights Oregon, 511 SW 10th Avenue, Suite 200, Portland, OR 97205, within 30 days of service of these Interrogatories.

Please produce the following documents. If you object to any request, state the reasons for the objection and provide documents that are not objectionable. Provide as many documents as possible and if there are some that you can't provide, describe why you cannot provide them. If the documents are not in your possession, you are required to make a reasonable effort to obtain them.

When a document exists as an electronic file, webpage, document, or other similar form, we request that the file be provided electronically via either email or via a USB drive.

## DEFINITIONS

1. "Document" means any written, recorded, or graphic material. That could include text messages, emails, social media posts, letters, forms, pictures, or any other type of relevant material. This could be something on paper, but could also be electronic in a storage device, database, computer program, or cloud.

## REQUESTS FOR PRODUCTION

RFP #1: Any documents related to or referenced in your Answer to the Complaint or in your response to the interrogatories in this case.

ANSWER:

RFP #2: Any documents related to your job performance or complaints related to your past or present employment.

ANSWER:


RFP #3: Copies of any correspondence between yourself and other defendants in this case. Correspondence could include written notes or letters, email, text messages, instant messages, or any other means of communication.

ANSWER:


RFP #4: Provide all data from any Facebook account owned or operated, wholly or in part, by Defendant from January 1, 2000 to the present. This data is the property of the Plaintiff and may be obtained and downloaded as follows: Click your profile picture in the top right of Facebook; Select Settings & Privacy, then click Activity Log. Filter to the appropriate date and select the appropriate Facebook activities. See

https://www.facebook.com/help/289066827791446/?helpref=related_articles

ANSWER:


Respectfully submitted,

June 13, 2024 /s/ David A. Boyer

David A. Boyer, OSB #235450
Attorney for Plaintiff, J.B.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was this date served upon the following via email. Both a PDF and Microsoft Word document were included in the email. Additionally,

Page 3  PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO
DEFENDANT LEVI GRAY

a copy was sent to Defendant Gray via United States Postal Service.

/s/ David A. Boyer

Defendant Levi Gray:
    2232 SE Pine St. #7
    Portland, OR 97214
    Email: levvus007@gmail.com

All Other Defendants:
    NATHAN RIEMERSMA #164699
    MATTHEW A. MAILE #181761
    Nathan.K.Riemersma@doj.state.or.us
    matthew.maile@doj.state.or.us