DAN RAYFIELD
Attorney General
NATHAN K RIEMERSMA #164699
MATTHEW MAILE # 181761
Assistant Attorney General
CARTER BRACE #243828
Honors Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Nathan.K.Riemersma@doj.oregon.gov
         matthew.maile@doj.oregon.gov
         carter.brace@doj.oregon.gov
Attorneys for State Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| J.B., | Case No.  3:23-cv-01962-CL |
| Plaintiff, | STATE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| v. | |
| LEVI GRAY, JAYSON LEAK, PAUL KIZER, JOHN WALLACE, JAMIE DENNISON, FELIPE URZUA-PEREZ, STEPHEN MARTIN, THOMAS JOST, ROBERT YONALLY, LISA ARRINGTON, CHAD NAUGLE, NICOLE BROWN, MIKE REESE, and JOHN DOE, | |
| Defendants. | |

Defendants Jayson Leak, Paul Kizer, John Wallace, Jamie Dennison, Felipe Urzua-Perez,

Stephen Martin, Thomas Jost, Robert Yonally, Lisa Arrington, Chad Naugle, Nichole Brown,

Page 1 -   STATE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NKR/bm6/983976435

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

David Gonzalez, and State of Oregon (State Defendants), by and through the undersigned, in response to Plaintiff's First Amended Complaint, admit, deny, and allege as follows:

## GENERAL RESPONSE

State Defendants deny each and every allegation of Plaintiff's First Amended Complaint not expressly admitted herein.

## INTRODUCTION

Plaintiff's Introduction is a broad overview of Plaintiff's allegations and claims, including legal and other conclusions to which no response is required.  In response to the factual allegations in Plaintiff's Introduction, State Defendants admit that JB is a young woman who was incarcerated at Coffee Creek Correctional Facility (CCCF).  State Defendants admit that CCCF is a multi-custody prison accommodating the State of Oregon's female AIC's. women's prison in the Oregon Department of Corrections (ODOC) system.  State defendants admit JB has psychiatric diagnoses.  State Defendants lack knowledge to admit or deny the allegations that Plaintiff has a history of physical and sexual abuse and being a victim of sex trafficking, and therefore deny the allegation.  State Defendants admit that on February 18, 2025, former Correctional Lt. Levi Gray pled guilty to two counts of Custodial Sexual Misconduct, both alleged to have taken place on May 23, 2023.

State Defendants admit that prior Prisoner Rape Elimination Act (PREA) complaints had been made against Lt. Gray.  State Defendants deny Plaintiff's allegation that Lt. Gray was never reprimanded or fired. State Defendants deny the remainder of the allegations in the Introduction of Plaintiff's First Amended Complaint.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## JURISDICTION

### 1.

In response to paragraph 1 of Plaintiff's First Amended Complaint, State Defendants admit that the Court has jurisdiction under 42 U.S.C §1983, 28 U.S.C. § 1331, 1343(a)(3), and 1343(a)(4).

## VENUE

### 2.

In response to paragraph 2 of Plaintiff's First Amended Complaint, State Defendants admit that the venue is proper in the District of Oregon and that the allegations in the Complaint allegedly took place at CCCF in Washington County, Oregon.

## PARTIES

### 3.

State Defendants admit the allegations in paragraph 3 of Plaintiff's First Amended Complaint.

### 4.

In response to paragraph 4 of Plaintiff's First Amended Complaint, State Defendants admit that Levi Gray was an employee of ODOC, and was employed as a correctional sergeant at CCCF.  Deny the balance of the paragraph to the extent a response is required.

### 5.

In response to paragraph 5 of Plaintiff's First Amended Complaint, State Defendants admit that Jayson Leak is an employee of ODOC as is a correctional lieutenant at CCCF.

### 6.

In response to paragraph 6 of Plaintiff's First Amended Complaint, State Defendants admit that Paul Kizer is an employee of ODOC and is a correctional officer at CCCF.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

7.

In response to paragraph 7 of Plaintiff's First Amended Complaint, State Defendants admit that John Wallace is an employee of ODOC and is a correctional officer at CCCF.

8.

In response to paragraph 8 of Plaintiff's First Amended Complaint, State Defendants admit that Jamie Dennison is an employee of ODOC and is a correctional officer at CCCF.

9.

In response to paragraph 9 of Plaintiff's First Amended Complaint, State Defendants admit that Felipe Urzua-Perez is an employee of ODOC and is a correctional officer at CCCF.

10.

In response to paragraph 10 of Plaintiff's First Amended Complaint, State Defendants admit that Stephen Martin is an employee of ODOC and is a correctional officer at CCCF.

11.

In response to paragraph 11 of Plaintiff's First Amended Complaint, State Defendants admit that Thomas Jost is an employee of ODOC and is a correctional captain at CCCF.

12.

In response to paragraph 12 of Plaintiff's First Amended Complaint, State Defendants admit that Robert Yonally is an employee of ODOC and is a correctional lieutenant at CCCF.

13.

In response to paragraph 13 of Plaintiff's First Amended Complaint, State Defendants admit Lisa Arrington is an employee of ODOC and is the grievance coordinator at CCCF.

14.

In response to paragraph 14 of Plaintiff's First Amended Complaint, State Defendants admit that Chad Naugle is an employee of ODOC.  Admit that at times material to Plaintiff's Complaint, Mr. Naugle was the assistant superintendent of security at CCCF.

NKR/bm6/983976435

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

15.

In response to paragraph 15 of Plaintiff's First Amended Complaint, State Defendants admit that Nicole Brown is an employee of ODOC and a superintendent at CCCF.

16.

In response to paragraph 16 of Plaintiff's First Amended Complaint, State Defendants admit that David Gonzalez is an employee of ODOC and is the PREA Compliance Manager at CCCF.

17.

In response to paragraph 17 of Plaintiff's First Amended Complaint, State Defendants admit that the Oregon Department of Corrections is a state agency of the State of Oregon, which operates all state prisons in Oregon including CCCF. State Defendants admit generally the State is obligated to protect adults in custody, comply with PREA regulations, accommodate disabilities and provide medical and mental health care.

18.

State Defendants admit the allegations in paragraph 18 of Plaintiff's First Amended Complaint.

19.

In response to paragraph 19 State Defendants admit that Plaintiff's diagnoses include PTSD and Borderline Personality Disorder. State Defendants admit Plaintiff reported a history of ADHD, anxiety and depression.

20.

In response to paragraph 20 of Plaintiff's First Amended Complaint, State Defendants lack sufficient knowledge to admit or deny the allegations of the paragraph and therefore deny them.

NKR/bm6/983976435

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

21.

In response to paragraph 21 of Plaintiff's First Amended Complaint, State Defendants admit Plaintiff has had incidents of self-harm while at CCCF.

22.

In response to paragraph 22 of Plaintiff's First Amended Complaint, State Defendants admit that Plaintiff has a history of suicidal ideations.

23.

In response to paragraph 23 of Plaintiff's First Amended Complaint, State Defendants admit that Plaintiff was placed on Suicide Close Observation in January 2023.  State Defendants lack specific knowledge to admit or deny the balance of the paragraph and therefore deny.

24.

State Defendants admit the allegations in paragraphs 24 and 25 of Plaintiff's First Amended Complaint.

25.

State Defendants lack specific knowledge to admit or deny the allegation in paragraph 26 of Plaintiff's First Amended Complaint and therefore deny them.

26.

State Defendants deny the allegations contained in paragraph 27 of Plaintiff's First Amended Complaint.

27.

State Defendants lack specific knowledge to admit or deny the allegations in paragraph 28 of Plaintiff's First Amended Complaint and therefore deny them.

28.

In response to paragraph 29 of Plaintiff's First Amended Complaint, State Defendants admit that in a prior PREA investigation Lt. Gray admitted that he initially did not consider the

Page 6 -    STATE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

front of Cell D110 as a limited viewing area, but that at the time, he now considered the front of cell D110 to be a limited viewing area.

29.

State Defendants admit the allegations in paragraphs 30 and 31 of Plaintiff's First Amended Complaint.

30.

In response to paragraph 32 of Plaintiff's First Amended Complaint, State Defendants admit in part and deny in part. State Defendants deny that Grey received no discipline for the violation of the rule of three, but admit that the letter of expectation was removed after challenged on process.

31.

In response to paragraph 33 of Plaintiff's First Amended Complaint, State Defendants admit that no specific measures were added following the violation described in paragraph 30. State Defendants deny the allegation that no measures are taken to prevent sexual abuse of adults in custody from sallyports.

32.

In response to paragraph 34 of Plaintiff's First Amended Complaint, State Defendants admit that Levi Gray pled guilty to two counts of Custodial Sexual Misconduct, both alleged to have taken place on May 23, 2023.  State Defendants lack specific knowledge to admit or deny the balance of the paragraph and therefore deny.

33.

State Defendants lack specific knowledge to admit or deny the allegations in paragraph 35 of Plaintiff's First Amened Complaint and therefore deny them.

34.

State Defendants admit the allegations in paragraphs 36 and 37 of Plaintiff's First Amended Complaint.

Page 7 -    STATE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NKR/bm6/983976435

35.

State Defendants lack specific knowledge to admit or deny the allegations in paragraph 38 of Plaintiff's First Amended Complaint and therefore deny them. Paragraph 38 is also speculative.

36.

State Defendants admit the allegations in paragraph 39 of Plaintiff's First Amended Complaint.

37.

Paragraph 40 calls for opinion and legal conclusion and therefore requires no response.

38.

In response to paragraph 41 of Plaintiff's First Amended Complaint, State Defendants admit that Gray had prior instances of violating ODOC rules or polices prior to the allegations by Plaintiff as well as a number of allegations that were either unfounded or unsubstantiated upon investigation. State Defendants deny the characterization that abuse of female AICs and employees is the norm at CCCF.

39.

In response to subpart a of paragraph 41, State Defendants admit an investigation took place in 2017 including allegations of boundary issues and introduction of contraband. The allegations were unsubstantiated. State Defendants admit JS received misconducts for non-assaultive sexual activity with another AIC, contraband II, property II, and disobedience of an order. State Defendants admit no discipline was taken for the unsubstantiated allegations of boundary violations and introduction of contraband. State defendants lack specific knowledge to admit or deny what actions, if any, were taken to address the finding that Gray made bunk moves without approval or subsequent documentation.

Page 8 -    STATE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NKR/bm6/983976435

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

40.

In response to subpart b of paragraph 41, State Defendants admit that in February 2020 Gray was accused of showing inappropriate nude photos of his girlfriend to other staff members in the workplace.  State Defendants admit that Gray denied the allegations, admitted the photos existed, and admitted to discussing them off duty.  State Defendants admit Gray was not disciplined for this allegation, as it was unfounded.

41.

In response to subpart c of paragraph 41, State Defendants admit that in April 2021 Gray was accused of touching Sgt. Herd inappropriately in the workplace.  State Defendants admit he was not disciplined for this conduct, as it was unsubstantiated.

42.

In response to subpart d of paragraph 41, State Defendants admit in the same investigation Gray was accused of making inappropriate sexual comments to Sgt. Herd in the workplace.  State Defendants admit that Gray was not disciplined, as the allegation was unsubstantiated.

43.

In response to subpart e of paragraph 41, State Defendants admit that in May 2021, it was substantiated that Grey inquired about whether and what a co-worker reported about him.  State Defendants admit it was substantiated this became an unprofessional exchange and that the officer reported feeling intimidated by Gray. State defendants admit that a separation order was put in place.  State Defendants deny the remainder of the allegations in paragraph

44.

State Defendants deny subpart f of paragraph 4 of Plaintiff's First Amended Complaint.

45.

State Defendants admit the allegations in subparts g and h of paragraph 41.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

46.

In response to subpart i of paragraph 41 of Plaintiff's First Amended Complaint, State Defendants deny that Grey received no discipline for the violation of the rule of three, but admit it was rescinded upon challenge. State Defendants admit the remainder of the allegations in subpart i.

47.

State Defendants lack knowledge to admit or deny the allegations in subpart j of paragraph 41 and therefore deny them.

48.

State Defendants admit the allegations contained in subpart k, l, m, n, and o of paragraph 41 of the First Amended Complaint.

49.

Subpart p of paragraph 41 of the First Amended Complaint is not pled with sufficient specificity for State Defendants to admit or deny and therefore deny them.

50.

State Defendants deny the allegations and characterizations in paragraph 42 of Plaintiff's Frist Amended Complaint.

51.

In response to paragraphs 43 and 44 of Plaintiff's First Amended Complaint, State Defendants admit that between February 2019 and Grey was out on medical leave from approximately February 21, 2019 to November 8, 2019, from approximately April 11, 2020 to January 2, 2021, and from January 19, 2021 to January 30, 2021.

52.

In response to paragraph 45 of Plaintiff's First Amended Complaint, State Defendants admit that the PREA compliance manager's (PCM) duties include coordinating the facilities efforts to comply with the federal PREA standards.

Page 10 -  STATE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

53.

State Defendants admit to the existence of the job posting referenced in paragraph 46 of Plaintiff's First Amended Complaint.

54.

In response to paragraphs 47 through 49 of Plaintiff's First Amended Complaint, State Defendants admit that the PREA report involving J.Z. was made on July 8, 2021 and SIU Investigation 21-0356-I was initiated. State Defendants admit the investigation was completed on February 16, 2023. State Defendants deny the allegation that it is unknown why it took two years to complete the investigation.

55.

In response to paragraph 50 of Plaintiff's First Amended Complaint, State Defendants admit that 28 CFR Part 115 contains definitions of substantiated allegations, unsubstantiated allegations and unfounded allegations and that the standards speak for themselves.

56.

State Defendants admit the allegations contained in paragraphs 51 through 53 of Plaintiff's First Amended Complaint.

57.

In response to paragraph 54 of Plaintiff's First Amended Complaint, State Defendants admit that ODOC PREA Policy 40.1.13 states "The facility shall conduct a sexual abuse incident review at the conclusion of every sexual abuse investigation…..Such review shall ordinarily occur within 30 days of the conclusion of the investigation. The review team shall include upper-level management officials, with input from line supervisors, investigators, and medical or mental health practitioners" State Defendants admit that as part of the incident review, the review team shall examine whether physical barriers in the area may enable abuse.

58.

Page 11 -  STATE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NKR/bm6/983976435

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

In response to paragraph 55 of Plaintiff's First Amended Complaint, State Defendants admit that while the investigative report was completed February 17, 2023, the investigation was closed on March 27, 2023.  State Defendants admit that the Sexual Abuse Incident Form was completed by Lt. Gonzalez on August 8, 2023.

59.

State Defendants admit the allegations contained in paragraph 56 of Plaintiff's First Amended Complaint.

60.

State Defendants deny the conclusory allegations contained in paragraphs 57 and 58 of Plaintiff's First Amended Complaint.

61.

State Defendants deny the allegations in paragraph 59 of Plaintiff's First Amended Complaint.

62.

State Defendants deny the allegations in paragraphs 60 and 61 of Plaintiff's First Amended Complaint.

63.

In response to paragraph 62 of Plaintiff's First Amended Complaint, State Defendants admit that Plaintiff continued to be housed on the special housing unit after the abuse was reported.

64.

In response to paragraph 63 of Plaintiff's First Amended Complaint, State Defendants admit Gray was placed on a leave of absence and criminally charged.  Deny the remainder of the paragraph.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

65.

State Defendants deny the allegations in paragraphs 64 and 65 of Plaintiff's First Amended Complaint.

66.

In response to paragraphs 66 and 67 of Plaintiff's First Amended Complaint, State Defendants admit that a prior CCCF PCM was placed on a leave of absence in April 2022 and terminated in October 2023. State Defendants lack specific knowledge to admit or deny the allegation that this manager engaged in an improper relationship and therefore deny them. State Defendants deny the conclusion or characterization that those in charge of preventing sexual abuse at CCCF can act with impunity. State Defendants admit that this manager spent a number of years as a PREA investigator. State Defendants deny the conclusion or characterization that her investigations are compromised.

67.

In response to paragraph 68 of Plaintiff's First Amended Complaint, State Defendants are unfamiliar with what case Plaintiff is referring to that Plaintiff alleges wasn't referred to the State Police for investigation and prosecution and accordingly lack knowledge to admit or deny the allegation and therefore deny it.

68.

In response to paragraph 69 of Plaintiff's First Amended Complaint, State Defendants deny the conclusion that sex abuse is the norm at CCCF. State Defendants admit that a former nurse was recently sentenced to 30 years in prison for sexual abuse. State Defendants lack specific information to admit or deny the allegations in subpart b of the paragraph and therefore deny them. State Defendants admit the allegation in subpart c and d of the paragraph.

69.

State Defendants deny the allegations contained in paragraph 70 of Plaintiff's complaint.

Page 13 -  STATE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

In response to paragraph 46 of Plaintiff's Complaint, State Defendants admit that for a period, Lt. Leak used a Darth Vader reference in his e-mail signature. State Defendants deny that Lt. Leak used Darth Vader as his alter ego. admit that Lt. Yonally previously had a "Punisher" logo displayed in his office in the Special Housing Unit. No response is required for Plaintiff's interpretation and characterization of the logo; however, State Defendants deny that Lt. Yonally displayed this logo to symbolize vigilante justice or torture as it was in remembrance of his military unit that use the logo when they were deployed oversees.

70.

In response to paragraph 72 of Plaintiff's First Amended Complaint, State Defendants admit that for a period, Lt. Leak used a Darth Vader reference in his e-mail signature. State Defendants deny that Lt. Leak used Darth Vader as his alter ego.

71.

The claims in paragraphs 74 through 76 are Plaintiff's opinions and characterizations and do not constitute allegations to which a response is required.

72.

In response to paragraph 77 of Plaintiff's First Amended Complaint, State Defendants admit the Gender Informed Practices Assessment (GIPA) report is a publicly available document and speaks for itself.

73.

Paragraph 78 lacks specificity for State Defendants to admit or deny and therefore deny the allegations in the paragraph.

74.

In response to paragraph 79 of Plaintiff's First Amended Complaint, State Defendants admit that Plaintiff was placed back in special housing upon return from the hospital but deny the balance of the paragraph.

Page 14 -  STATE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NKR/bm6/983976435

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

75.

In response to paragraph 80 of Plaintiff's First Amended Complaint, State Defendants admit that Plaintiff was placed in special housing after returning from the hospital but deny the balance of the paragraph.

76.

In response to paragraph 81 of Plaintiff's First Amended Complaint, State Defendants admit that Plaintiff was placed on suicide watch on or about May 9, 2023, and that Lt. Leak yelled "You don't get to dictate what my staff do! I don't care what happened to you, you are going to be treated like any other AIC" but deny the remainder.

77.

In response to paragraph 82 of Plaintiff's First Amended Complaint, State Defendants admit that Captain Jost responded to Plaintiff "You are getting exactly what you have coming to you" in response to Plaintiff's inquiry about the canteen but deny that the statement was made as a threat, and deny the remainder of the paragraph.

78.

In response to paragraph 83 of Plaintiff's First Amended Complaint, State Defendants admit that Defendants Yonally and Leak had input and participated in Plaintiff's Management Plan in Behavioral Health Unit, that Yonally has some college credits but deny the remainder.

79.

In response to paragraph 84 of Plaintiff's First Amended Complaint, State Defendants deny the allegations that ODOC staff used the disciplinary process to retaliate against plaintiff and made it impossible to level out of DSU.

80.

In response to subparagraph a of paragraph 84 of Plaintiff's First Amended Complaint, State Defendants admit that on or about June 6, 2023, Lt. Leak wrote a misconduct report for

Page 15 -  STATE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

yelling and cursing at him while she was meeting with Lt. Gonzalez.  Admit that ODOC decided not to go further with the disciplinary process.  Deny the remainder of the subparagraph.

81.

State Defendants deny the allegations in subparagraphs b and c of paragraph 84 of Plaintiff's First Amended Complaint.

82.

In response to paragraph 85 of Plaintiff's First Amended Complaint, State Defendants admit that Plaintiff regularly called staff derogatory and uncivil names.  State Defendants deny the balance of the paragraph.

83.

State Defendants deny the allegations contained in paragraph 86 and 87of Plaintiff's First Amended Complaint.

84.

State Defendants deny the allegations contained in paragraph 88 of Plaintiff's First Amended Complaint.

85.

In response to paragraph 89 of Plaintiff's First Amended Complaint, State Defendants admit that Plaintiff filed a grievance on November 7, 2023, claiming she was being verbally harassed by another AIC.  State Defendants admit that grievance was returned for correction on November 15, 2023, for noncompliance with the grievance rules.  State Defendants lack specific knowledge regarding DRO's communications with the Department of Justice or the IG's office and therefore deny the balance of the paragraph.

86.

State Defendants deny the allegations in paragraphs 90, 91, 92, 93, 94, 95, 96, and 97  of Plaintiff's First Amended Complaint.

NKR/bm6/983976435

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

87.

In response to paragraph 98 of Plaintiff's First Amended Complaint, State Defendants admit Plaintiff was housed in special housing including the Disciplinary Housing Unit for periods of her incarceration at CCCF. State Defendants deny the balance of the paragraph.

88.

In response to paragraph 99 of Plaintiff's First Amended Complaint, State Defendants admit Plaintiff was housed in special housing including the Disciplinary Housing Unit for periods of her incarceration at CCCF. State Defendants deny the balance of the paragraph.

89.

State Defendants deny the allegations in paragraphs 100, 101,and 102.

90.

In response to paragraph 103 of Plaintiff's First Amended Complaint, State Defendants admit that Defendant Arrington's DPSST records state she is college educated. Deny the balance of the paragraph.

91.

State Defendants lack sufficient knowledge to admit or deny the allegation contained in paragraph 104 of Plaintiff's First Amended Complaint and therefore deny them.

## FIRST CLAIM FOR RELIEF

92.

In response to paragraph 105 of Plaintiff's First Amended Complaint, State Defendants incorporate the admissions, denials and allegations from paragraphs 1-91 above.

93.

State Defendants decline to respond to the allegations in paragraph 106 of the First Amended Complaint as it is not directed at any state defendant.

94.

Page 17 -  STATE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NKR/bm6/983976435

State Defendants deny the allegations in paragraphs 107-112 to the extent a response is required as the allegations call for a legal conclusion.

### SECOND CLAIM FOR RELIEF

95.

In response to paragraph 113 of Plaintiff's First Amended Complaint, State Defendants incorporate the admissions, denials and allegations from paragraphs 1-91 above.

96.

State Defendants deny the allegations contained in paragraph 114 of Plaintiff's First Amended Complaint, to the extent a response is required as it is a legal conclusion.

97.

State Defendants deny the allegations in paragraphs 115-119 to the extent a response is required as the allegations call for a legal conclusion.

### THIRD CLAIM FOR RELIEF

98.

In response to paragraph 120 of Plaintiff's First Amended Complaint, State Defendants incorporate the admissions, denials and allegations from paragraphs 1-91 above.

99.

State Defendants deny the allegations in paragraphs 121-123 to the extent a response is required as the allegations call for a legal conclusion.

### FOURTH CLAIM FOR RELIEF

100.

In response to paragraph 124 of Plaintiff's First Amended Complaint, State Defendants incorporate the admissions, denials and allegations from paragraphs 1-91 above.

101.

State Defendants decline to respond to the allegations in paragraphs 125 and 126 of the First Amended Complaint as they call for legal conclusions

NKR/bm6/983976435

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

102.

State Defendants deny the allegations in paragraphs 127-133 to the extent a response is required as the allegations call for a legal conclusion.

## FIFTH CLAIM FOR RELIEF

103.

In response to paragraph 134 of Plaintiff's First Amended Complaint, State Defendants incorporate the admissions, denials and allegations from paragraphs 1-91 above.

104.

State Defendants decline to respond to the allegations in paragraph 135 of the First Amended Complaint as it calls for a legal conclusion.

105.

State Defendants deny the allegations in paragraphs 136-139 to the extent a response is required as the allegations call for a legal conclusion.

## SIXTH CLAIM FOR RELIEF

106.

In response to paragraph 140 of Plaintiff's First Amended Complaint, State Defendants incorporate the admissions, denials and allegations from paragraphs 1-91 above.

107.

State Defendants decline to respond to the allegations in paragraph 141-145 of the First Amended Complaint to the extent a response is required as the allegations call for a legal conclusion.

## SEVENTH CLAIM FOR RELIEF

108.

In response to paragraph 146 of Plaintiff's First Amended Complaint, State Defendants incorporate the admissions, denials and allegations from paragraphs 1-91 above.

NKR/bm6/983976435

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

109.

State Defendants decline to respond to the allegations in paragraph 147-152 of the First

Amended Complaint to the extent a response is required as the allegations call for a legal

conclusion.

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

110.

Plaintiff fails to state a claim upon which this Court can grant relief under one or

more of the theories set forth in First Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE

### Qualified Immunity

111.

State Defendants allege that at all times relevant to Plaintiff's Complaint, they

were acting in good faith and within their discretion pursuant to the laws and statutes of the State

of Oregon and the United States, and that their conduct violated no clearly established statutory

or constitutional rights of which a reasonable official would have knowledge.

## THIRD AFFIRMATIVE DEFENSE

### Eleventh Amendment Immunity

112.

State Defendants allege they are immune from suit in federal court and protected

under Eleventh Amendment immunity as to federal law claims against them in their official

capacity, and as to state and common law claims.

Page 20 -  STATE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NKR/bm6/983976435

## FOURTH AFFIRMATIVE DEFENSE

### Oregon Tort Claims Act ("OTCA")

113.

With respect to state or common law claims, State Defendants assert all provisions of the Oregon Tort Claims Act ("OTCA") to such claims, including, but not limited to, the provisions requiring timely and proper tort claim notice.

## FIFTH AFFIRMATIVE DEFENSE

### Prison Litigation Reform Act ("PLRA")

114.

State Defendants assert all provisions of the Prison Litigation Reform Act ("PLRA"), including the provision requiring exhaustion of administrative remedies, to Plaintiff's claims.

## SIXTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

115.

Plaintiff failed to mitigate her own damages.

## RESERVATION OF ADDITIONAL DEFENSES

116.

State Defendants reserve the right to assert additional defenses as they may become known to them through investigation and discovery.

## JURY TRIAL DEMAND

117.

State Defendants demand a jury trial.

NKR/bm6/983976435

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

WHEREFORE, having fully answered Plaintiff's Complaint herein, State Defendants pray for a judgment in their favor, for dismissal of Plaintiff's Complaint with prejudice and in its entirety, for an award of costs and disbursements incurred herein, and for such other and further relief as the Court may deem appropriate.

DATED March __24__, 2025.

Respectfully submitted,

DAN RAYFIELD
Attorney General


_____*s/ Nathan K Riemersma*_____
NATHAN K RIEMERSMA #164699
MATTHEW MAILE #181761
Assistant Attorney General
CARTER BRACE #243828
Honors Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Nathan.K.Riemersma@doj.oregon.gov
matthew.maile@doj.oregon.gov
carter.brace@doj.oregon.gov
Of Attorneys for State Defendants

Page 22 -  STATE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NKR/bm6/983976435

## CERTIFICATE OF SERVICE

I certify that on March __24__, 2025, I served the foregoing STATE DEFENDANTS'

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT upon the parties hereto by the

method indicated below, and addressed to the following:

Lynn Walsh, OSB#924955          ___ HAND DELIVERY
610 SW Alder St., #415          ___ MAIL DELIVERY
Portland, OR 97205              ___ OVERNIGHT MAIL
　　　Attorney for Plaintiff    ___ TELECOPY (FAX)
                                ___ E-MAIL
                                _X_ E-SERVE


Meghan Apshaga, OSB#232137      ___ HAND DELIVERY
David Boyer #235450             ___ MAIL DELIVERY
Disability Rights Oregon        ___ OVERNIGHT MAIL
511 SW 10th Ave., Ste. 200      ___ TELECOPY (FAX)
Portland, OR 97205              ___ E-MAIL
　　　Co-Counsel for Plaintiff  _X_ E-SERVE


Levi Gray                       ___ HAND DELIVERY
2232 SE Pine St #7              _X_ MAIL DELIVERY
Portland, OR 97214              ___ OVERNIGHT MAIL
　　　Pro Se Defendant          ___ TELECOPY (FAX)
                                ___ E-MAIL
                                ___ E-SERVE


　　　　_s/ Nathan K. Riemersma_　　　
NATHAN RIEMERSMA #164699
MATTHEW A. MAILE #181761
Assistant Attorney General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4791
Nathan.K.Riemersma@doj.oregon.gov
matthew.maile@doj.state.or.us
Of Attorneys for State Defendants

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791